■ In the Matter of ANDREW MENSCHEL, as Shareholder of Fluffy Restaurant, Inc., Appellant, v FLUFFY RESTAURANT, INC., Respondent.—Order, Supreme Court, New York County, entered October 17, 1979, granting cross motion of respondent Fluffy Restaurant, Inc., to dismiss the petition, without prejudice, as premature, is unanimously reversed, on the law and the facts, and in the exercise of discretion; and the appraisal proceeding at bar is stayed until the making and determination of a motion to consolidate said appraisal proceeding with the pending plenary action entitled *Menschel v Walentas, et al.,* all without costs to either party. There must be a determination of petitioner's claim to be a stockholder in Fluffy. On the present record, that presents issues of fact which must be determined on a trial. To dismiss this appraisal proceeding as premature and relegate petitioner to the plenary action for determination of whether he is a stockholder involve these disadvantages: (a) The period for bringing the appraisal proceeding (Business Corporation Law, § 623, subd [h], par [2]) will have expired and petitioner will be relegated to an application to the discretion of the Supreme Court to extend his time; (b) it will make

petitioner proceed in two separate litigations to get the one relief of appraisal, if he is entitled to it. Furthermore, as the appraisal proceeding requests relief—appraisal—which is not requested in the earlier plenary action, it is inappropriate to dismiss the appraisal proceeding on the ground of "another action pending" under CPLR 3211 (subd [a], par 4); indeed the two actions cannot be said to be "for the same cause of action." (CPLR 3211, subd [a], par 4.) The sensible solution would appear to be to consolidate the plenary action and the appraisal proceeding; there are common questions of law and fact (CPLR 602, subd [a]). We do not order consolidation ourselves because there are parties to the plenary action who are not parties to the appraisal proceeding before us and who are entitled to an opportunity to be heard on the question of consolidation. Whether or not there is consolidation, the trial court or Special Term, in the exercise of its power to determine the sequence in which issues shall be tried (CPLR 4011), can determine the issue of whether petitioner is a stockholder before going into the appraisal and valuation aspects of the case. Concur—Fein, J. P., Sullivan, Lupiano, Silverman and Carro, JJ.